# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Muntu Akili, | No. CV 21-02200-PHX-DLR (MTM) |
| Petitioner, | |
| v. | **ORDER** |
| Warden Cole, | |
| Respondent. | |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Michael T. Morrissey (Doc. 33) regarding Petitioner's First Amended Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241. (Doc. 18.) The Magistrate Judge found that Petitioner failed to exhaust his administrative remedies and recommends that the Petition be denied and dismissed without prejudice. Petitioner filed an objection to the R&R and a "Motion for In Chambers Demonstration of BOP Stationary to Test Non-Legibility Claim of General Counsel Clerk." (Docs. 35, 36.) Respondents filed a response. (Doc. 38.) The Court has considered the objections and reviewed the Report and Recommendation de novo. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

**I. BACKGROUND**

While incarnated at the Federal Correctional Complex in Lompoc, California, on March 11, 2021, an incident report was filed charging Petitioner with a "High" severity

offense. After a hearing on the incident report, the Disciplinary Hearing Officer ("DHO") found Petitioner guilty and among other sanctions, revoked 27 days of good time.

Petitioner appealed the DHO's decision to the Regional Director of the Western Regional Office. The appeal was rejected because he did not comply with the formatting rules. He re-formatted his appeal and resubmitted it. It was accepted, but the appeal was denied on the merits. After submitting two additional appeals with the wrong level of review, Petitioner filed an appeal to the Office of General Counsel. This appeal was rejected because of noncompliance with the formatting rules. The rejection notice gave Petitioner 15 days to resubmit his appeal in the proper form. Petitioner did not resubmit his appeal.

**II. OBJECTIONS TO THE R&R**

Petitioner brought this writ to challenge the loss of his 27 days of good time. His Petition alleges three grounds for relief. Two are substantive, challenging the sufficiency of the evidence and the process of disciplinary hearing before the DHO. However, the R&R did not address the merits of the Petition, finding that the Petition should be dismissed because Petitioner "has not exhausted his administrative remedies because the appeal he filed with the Office of General Counsel was not in compliance with BOP's procedural rules." (Doc. 33 at 8.)

Petitioner's germane objection to the R&R argues that he did not fail to exhaust his administrative remedies. He first takes umbrage with the R&R's finding that he could have exhausted his administrative remedies by re-filing his appeal in the proper format within 15 days after he was notified that his appeal was rejected for not complying with the procedural rules. Petitioner argues that re-submitting the appeal in compliance with the procedural rules would have been futile because the Western Regional Office had thwarted his appeal when it detached the continuation page of his BP-10. He claims that it is the practice of the Western Regional Office to disregard continuation pages.

Petitioner then argues that the 27-day sanction is unenforceable because the Western Regional Office obstructed his appeal in violation of the Constitution. He argues that he

had newly discovered evidence that was unconditionally excluded from his appeal because the Western Regional Office wrongfully refused to allow him to add this new claim because it incorrectly concluded that he had filed the appeal at the wrong level.

However, after Petitioner's appeal was rejected at the Western Regional Office for failing to follow the required format, he was allowed to refile it, which he did. The Regional Director considered the appeal and issued a decision on the merits. In exhausting his administrative remedies, Petitioner's next required step was to appeal the Regional Director's decision to the Office of General Counsel. But when his first effort at filing that appeal was rejected because his forms were not legible, did not contain the same wording and included photocopies, Petitioner did not try to cure those procedural deficiencies. He was informed that he had fifteen days to fix the forms and resubmit his appeal but instead, he gave up and did not refile. He then brought his habeas petition.

**III. MOTION FOR IN CHAMBERS DEMONSTRATION**

Petitioner requests the opportunity to show the Court that the carbon copies available with the BOP stationary (Form BP-11) creates non-legible copies. Such a demonstration is not relevant to the issue of exhausting administrative remedies before the Regional Director. Petitioner was able to correct the formatting problems with legibility in his appeal before the Regional Director. Petitioner had the opportunity to attempt to correct the deficiencies with his appeal format in his appeal before the General Counsel but chose not to try. The Court finds that the R&R correctly determined that allowing Petitioner to bypass the administrative process by not re-submitting his appeal in a legible format would encourage deliberate bypass of the administrative scheme. (Doc. 33 at 8-9); *see Montes v. Thornburgh*, 919 F.2d 531, 537 (9th Cir. 1990).

**IV. FINDINGS**

Petitioner has not exhausted his administrative remedies, nor has he shown good cause for his failure to do so.

**IT IS ORDERED** that Petitioner's Objections to the R&R (Doc. 36) are **OVERRULED**.

**IT IS ORDERED** that Petitioner's Motion for In Chambers Demonstration of BOP Stationary to Test Non-Legibility Claim of General Counsel Clerk (Doc. 35) is **DENIED**.

**IT IS ORDERED** that the R&R (Doc.33) is **ACCEPTED**.

**IT IS ORDERED** that Petitioner's First Amended Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 (Doc. 18) is **DISMISSED** without prejudice.

**IT IS ORDERED** that a Certificate of Appealability and leave to proceed in forma pauperis on appeal are **DENIED** because the dismissal of the Petition is justified because reasonable jurists would not find the ruling debatable, and because Petitioner has not made a substantial showing of the denial of a constitutional right. The Clerk of the Court shall enter judgment denying and dismissing Petitioner's First Amended Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 (Doc. 18) without prejudice and shall terminate this action.

Dated this 7th day of December, 2022.

Douglas L. Rayes
United States District Judge